UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVE M. MASSEY,

        *Plaintiff*,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        *Defendant*.
_____/

CASE NO. 4:18-cv-12602
DISTRICT JUDGE LINDA V. PARKER
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
CROSS MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 24, 26)**

**I.    RECOMMENDATION**

Plaintiff Dave M. Massey appeals Defendant Commissioner of Social Security's denial of his claim for disability benefits. (ECF No. 1.) Both sides have moved for a remand, agreeing that further administrative proceedings are needed. Because the parties are in agreement about this, I recommend **GRANTING** Defendant's and Plaintiff's motions to remand, (ECF Nos. 24, 26), **VACATING** the Commissioner's final decision denying benefits, and **REMANDING** the case to the Commissioner under "sentence four" of 42 U.S.C. § 405(g).

**II.    REPORT**

    **A.    Background Law and Facts**

Because the parties agree to remand, a detailed recitation of the facts and general law is unnecessary. Briefly, a district court reviews the Commissioner's final

1

administrative decisions under 42 U.S.C. § 405(g) to determine whether the correct legal standards were applied and the factual findings were supported by substantial evidence. *Sullivan v. Comm'r of Soc. Sec.*, 595 F App'x. 502, 506 (6th Cir. 2014). If the Commissioner's decision is backed by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).

To obtain benefits, a claimant must have a "disability," which is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" for a period that has lasted or will last for at least 12 months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner determines disability through a five-step sequential process requiring consideration of the following: (1) whether the claimant is engaging in substantial gainful activity; (2) whether the impairments are severe; (3) whether the impairments meet or medically equal a listed impairment; (4) what the claimant's residual functional capacity (RFC) is and whether he or she can engage in past relevant work; and (5) whether a significant number of jobs exist in the national economy that the claimant could perform. 20 C.F.R. § 404.1520; *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001). The RFC "is the most [the claimant] can still do despite [his or her] limitations," and is measured using "all the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a)(2).

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by [his or] her impairments and the fact that [he or] she is

precluded from performing [his or] her past relevant work." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). The burden transfers to the Commissioner if the analysis reaches the fifth step without a finding that the claimant is not disabled. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [the claimant] could perform given [his or] her RFC [residual functional capacity] and considering relevant vocational factors." *Rogers*, 486 F.3d at 241 (citing 20 C.F.R. §§ 416.920(a)(4)(v), (g)).

Here, Plaintiff applied for Title II disability insurance benefits (DIB) on July 13, 2015, alleging that his disability's onset was September 6, 1991. (ECF No. 18 at PageID.226). After the initial determination, Plaintiff requested a hearing before an administrative law judge) (ALJ). (*Id.* at PageID.158-159). An ALJ hearing took place on June 13, 2017. (*Id.* at PageID.97-139). The ALJ issued a decision denying Plaintiff benefits on August 3, 2017. (*Id.* at PageID.82-92). The ALJ concluded that Plaintiff was not disabled. (*Id.* at PageID.92).

At step one of the sequential analysis, the ALJ concluded that Plaintiff "did not engage in substantial gainful activity (SGA) during the period from his alleged onset date of September 6, 1991 through his date last insured of March 31, 2017." (*Id.* at PageID.85). At step two, the ALJ found that Plaintiff had the severe impairments of "depression, diabetes and lumbago associated with lumbar spurring/narrowing." (*Id.*). At step three, the ALJ determined that Plaintiff did not "have an impairment or combination of impairments that met or medically equaled the severity" of a listed impairment. (*Id.* at PageID.86).

Before turning to the final steps, the ALJ determined that Plaintiff had an RFC "to perform medium work as defined in 20 CFR 404.1567(c) except he retains sufficient attention and concentration to understand, remember, and follow instructions of no more than moderate complexity, with an SVP of 3-4." (*Id*. at PageID.87). At step four, the ALJ determined there was no past relevant work. (*Id.* at PageID.91) Finally, at step five, the ALJ concluded that, considering Plaintiff's "age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that claimant could have performed." (*Id*. at PageID.91-92).

### B. Remand

Plaintiff moves for remand in his motion for summary judgment. (ECF. No. 24). Defendant moves for a sentence four remand on the grounds that further administrative action is warranted in this case; specifically, that the Appeals Council should instruct the ALJ to "(1) assess the Plaintiff's functioning during the relevant period (prior to the date last insured), with the assistance of a medical expert, if necessary; (2) further evaluate the record evidence related to the Plaintiff's residual functional capacity; and (3) further evaluate the opinion evidence." (ECF. No. 26 at PageID.732-733). Plaintiff filed a response of non-opposition to Defendant's motion for remand on September 27, 2019. (ECF. No. 28 at PageID.738-739).

The parties' agreement on the merits should be respected and the case remanded for a redo. After a thorough review of the medical evidence, I agree.

### D. Conclusion

For the reasons above I recommend **GRANTING** Defendant's and Plaintiff's

4

motions to remand, (Doc. 24, 26), **VACATING** the Commissioner's final decision denying benefits, and **REMANDING** the case to the Commissioner under "sentence four" of 42 U.S.C. § 405(g).

## II.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue

raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 25, 2019          S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Dave M. Massey at 1310 Pallister Street, Apt. 508, Detroit, MI 48202.

Date: November 25, 2019          By s/Kristen Castaneda
Case Manager